UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH CLERPHON,

                                PLAINTIFF,         **AMENDED COMPLAINT**

           -AGAINST-                          13-CV-0602 (RJD) (RML)

NEW YORK CITY, POLICE OFFICER THOMAS
HOPPER AND POLICE SERGEANT JOHN ROSA,
individually, and in their capacities as members of the New
York City Police Department.

                              DEFENDANTS.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Mr. Joseph Clerphon ("Mr. Clerphon"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 24, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Clerphon to false arrest and the use of excessive force.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Mr. Clerphon is a United States citizen and at all times here relevant resided at 230-43 147th Avenue, Springfield Gardens, NY 11210.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Thomas Hopper ("PO Hopper") and Police Sergeant John Rosa ("Sergeant Rosa"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Clerphon is a 29-year old African American male.

11. Mr. Clerphon works as a Direct Care Counselor at the United Cerebral Palsy Associations of New York State.

12. On or about July 24, 2012, Mr. Clerphon was driving to visit his mother.

13. Mr. Clerphon's mother works as a 'home health aid' and was at Chestnut Street in Brooklyn on the day in question.

14. Mr. Clerphon was unable to get to his mother's location because the road was blocked with ambulances and fire engines.

15. Mr. Clerphon pulled over and called his mother.

16. Mr. Clerphon explained the situation to his mother and they decided he would visit another time.

17. Mr. Clerphon pulled away and headed home.

18. When Mr. Clerphon reached the intersection of Warwick Street and Atlantic Avenue, a police car was blocking the intersection.

19. There were also police cars directly in front of and behind of Mr. Clerphon's car.

20. The police car that was blocking the intersection moved to allow the traffic through the intersection.

21. The police car in front of Mr. Clerphon proceeded through the intersection and Mr. Clerphon followed the police car through the intersection.

22. Mr. Clerphon proceeded along Atlantic Avenue for a couple of blocks before he was pulled over by a police car.

23. PO Hopper and Sergeant Rosa got out of the car.

24. PO Hopper and Sergeant Rosa drew their firearms, pointed them at Mr. Clerphon in his car, and shouted in sum and substance, "Don't move."

25. Mr. Clerphon stayed in his car.

26. PO Hopper then drew his ASP and smashed the car's window.

27. PO Hopper opened the car door and cut Mr. Clerphon's seatbelt.

28. PO Hopper then pushed Mr. Clerphon out of the car onto his face.

29. PO Hopper handcuffed Mr. Clerphon behind his back.

30. Several police officers arrived on the scene.

31. PO Hopper then used his taser on Mr. Clerphon several times while Mr. Clerphon was handcuffed on the floor.

32. Sergeant Rosa did nothing to stop PO Hopper using his taser on Mr. Clerphon.

33. Mr. Clerphon suffered excruciating pain as a result of the taser.

34. An ambulance arrived on the scene and took Mr. Clerphon to Brookdale Hospital.

35. PO Hopper and Sergeant Rosa accompanied Mr. Clerphon to the hospital.

36. The next day Mr. Clerphon was taken to the 75th precinct.

37. Mr. Clerphon was then taken to Central Bookings on or about the night of July 25, 2012.

38. Mr. Clerphon was charged with Failure to Obey a Traffic Control Signal and with Resisting Arrest.

39. Mr. Clerphon was granted an Adjournment in Contemplation of Dismissal.

40. Mr. Clerphon suffered severe pain and discomfort as a result of this incident.

41. Mr. Clerphon continues to feel traumatized by the events of July 24, 2012, and is wary and fearful when he sees police officers. Mr. Clerphon takes efforts to avoid police officers when in public.

42. Mr. Clerphon has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

43. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

44. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

45. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

46. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – False Arrest)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

50. Defendants confined plaintiff.

51. Plaintiff was aware of, and did not consent to, his confinement.

52. The confinement was not privileged.

53. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THRID CAUSE OF ACTION

(Failure to Intervene)

54. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

55. Defendant PO Hopper arrested plaintiff without probable cause and used excessive force in effecting the arrest of plaintiff.

56. Defendant Sergeant Rosa was aware, or should have been aware, that PO Hopper was arresting plaintiff without probable cause and using excessive force in effecting the arrest of plaintiff.

57. Defendant Sergeant Rosa failed to intervene to prevent PO Hopper from arresting plaintiff without probable cause and using excessive force in effecting the arrest of plaintiff.

58. Defendant Sergeant Rosa had sufficient time to intercede and had the capability to prevent PO Hopper from arresting plaintiff without probable cause and using excessive force in effecting the arrest of plaintiff.

59. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

60. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;
>
> Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;
>
> And such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 12, 2013

By:    /s/
Justin Delle Cave (JD 0896)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075